**Henry R. SILVERMAN; Peter F. Edelman; Adrian B. Werner; HRS/Dallas Parc, Inc., PFE/Dallas Parc, Inc.; and ABW/Dallas Park, Inc., Plaintiffs,**

v.

**WORSHAM BROTHERS CO., INC. and Earl S. Worsham, Defendants.**

No. 84 Civ. 5063 (RWS).

United States District Court,
S.D. New York.

Oct. 16, 1984.

Russel H. Beatie, Jr., New York City, for plaintiffs; Russel H. Beatie, Jr., Eric R. Finkelman, New York City, of counsel.

Nitkin, Alkalay, Handler & Robbins, New York City, Kilpatrick & Cody, Atlanta, Ga., for defendants; Jon Paul Robbins, New York City, William H. Boice, Atlanta, Ga., of counsel.

## OPINION

SWEET, District Judge.

Defendants Worsham Brothers Co. ("Worsham Brothers") and Earl Worsham ("Worsham") have brought this motion pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss this diversity action for failure of personal jurisdiction. The motion is denied.

**Facts**

Worsham Brothers is a Tennessee corporation with its principal place of business in Atlanta, Georgia and with an office in Miami, Florida. Worsham Brothers does not have an office in New York State, does not have representatives in New York State, and does not own property in New York State.

Worsham Brothers, through its president Earl Worsham, and plaintiffs Henry Silverman ("Silverman"), Peter Edelman ("Edel-

man"), and Adrian Werner ("Werner") entered into an oral partnership agreement to form Dallas Parc Associates in March of 1982. The partnership planned to have Dallas Parc Associates acquire real property consisting of land and a building in Miami, Florida and to renovate the building into a hotel to be called the River Parc Hotel. On August 16, 1982, this oral partnership agreement was supplemented and formalized in a written contract. An indemnification agreement between Worsham Brothers and Silverman was also signed in August 1982. Both the March, 1982 and August, 1982 meetings were held in Miami, Florida.

Prior to the March and August 1982 meetings, a series of four meetings was held in New York by the parties to the final agreements. Sworn affidavits submitted by Silverman, Edelman, Werner, and Joanne McGowan allege that there were meetings at 919 Third Avenue, New York, New York, on April 10, 1981, September 18, 1981, December 21, 1981 and January 25, 1982 attended by Worsham and one or more of the plaintiffs. At these meetings the affidavits allege that the terms and conditions of the River Parc agreements were discussed, negotiated, and agreed upon. Worsham, in his sworn affidavit, does not dispute either that these meetings were held or that the discussions at these meetings focused on the structure of the partnership that would develop the River Parc Hotel. However, he does dispute the assertion that the terms of the Dallas Parc partnership were agreed to at these meetings. Indeed, Worsham claims that the inability to agree on the terms of the partnership necessitated the meetings in Miami where final agreements were reached.

**Law**

■ At issue in this case are the rights and obligations of the parties arising out of the agreements signed in August 1982. The question posed by the motion to dismiss is whether, under the New York long-arm statute, the four meetings in New York are a sufficient basis to support personal jurisdiction over Worsham Brothers

and Worsham. *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir. 1963). The plaintiffs carry the burden of establishing that the defendant is subject to jurisdiction under New York law. *Pneuma-Flo Systems, Inc. v. Universal Machinery,* 454 F.Supp. 858 (S.D.N.Y. 1978). Although the parties are in basic agreement as to the facts, as set forth above, conflicts have been resolved in favor of the non-moving party. *Dogan v. Harbert Const. Corp.,* 507 F.Supp. 254 (S.D.N.Y.1980).

Personal jurisdiction over Worsham in this action is alleged based on N.Y.Civ. Prac.Law § 302(a)(1). It states:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state ....

■ Jurisdiction is proper under C.P. L.R. § 302(a)(1) when "looking at 'the totality of the defendant's activities within the forum, purposeful acts have been performed in New York by the foreign corporation in relation to the contract, 'albeit preliminary or subsequent to its execution.'" (citations omitted). *Sterling Nat. B. & T. Co. of N.Y. v. Fidelity Mtg. Invest.,* 510 F.2d 870, 873 (2d Cir.1975). *BGW Associates, Inc. v. Valley Broadcasting Co.,* 532 F.Supp. 1112, 1115 (S.D.N.Y.1984). Under the circumstances of this case, examining the totality of Worsham's contacts with New York, *see Sterling, supra,* at 873, I determine that this test is met. That the contracts were not executed in New York is not determinative, *see Moser v. Boatman,* 392 F.Supp. 270, 274 (S.D.N.Y. 1975); *Dogan, supra,* at 261; nor is the fact that certain terms of the contracts may have remained unresolved even after the New York meetings.

■ In interpreting the scope of § 302(a)(1) the New York Court of Appeals

has indicated that "the requisite transaction of business by the nonresident defendant within the forum may consist of such activity on his part as engaging in preliminary negotiations for the contract ..." *Longines-Wittnauer Co. v. Barnes & Reinecke,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 18 n. 5, 209 N.E.2d 68, 78 n. 5 (1965), *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970). Even accepting Worsham's assertion that the failure to resolve all issues necessitated the subsequent meetings in Florida, the sequence of four preliminary meetings in New York is sufficient to constitute the necessary "purposeful acts ... performed by the defendant in connection with the disputed contracts." *Dogan, supra,* at 260. Implicit in this conclusion is the court's assessment that the assertion of jurisdiction comports with the guarantees of due process.

Worsham has relied on *National Spinning Co. v. Talent Network, Inc.,* 481 F.Supp. 1243 (S.D.N.Y.1979) in support of his argument that the facts of the case before the court are insufficient to support jurisdiction. *National Spinning* is distinguishable, however, because there it was "undisputed that agreement on all of the terms set forth in the letter, including the product to be licensed, royalty, rate, terms of payment and duration of the license, was reached outside New York State ..." *id.,* at 1244, and that none of the substantive commercial terms were resolved in New York. Plaintiffs here allege that agreement on most, if not all, of the substantive provisions was reached in meetings in New York. Similarly, in *Transatlantic Cement v. Lambert Freres et Cie,* 448 F.Supp. 816 (S.D.N.Y.1978), relied on by Worsham, the motion to dismiss for failure of personal jurisdiction was granted only with respect to those defendants whose contact with New York was limited to a single meeting where proposed contract terms were expressly rejected. The court denied the motion to dismiss with respect to defendants who participated over several months in a series of negotiations that eventually produced the contract underlying the cause of

action. *Id.* at 818. The facts in the case before the court are more similar to those which did not lead to dismissal in *Transatlantic.* Similarly, in *Pneuma-Flo, supra,* the court dismissed for failure of personal jurisdiction because the defendant's contacts with New York were limited to post-contract visits. Prior to formation of the contract at issue the defendant had no contact with New York. "The contracts in issue were negotiated as executed in California. There is no claim that the subsequent New York meetings were essential to the ongoing relationship of the parties." *Id.* at 866. Based on the record developed thus far, the pre-contract New York meetings in the case before the court appear to be important in defining the terms of the final contract and structuring the relationship among the parties. Of course, subsequent evidence at trial may later require a reexamination of this conclusion.

**Conclusion**

The four meetings in New York provide a basis for this court to exercise personal jurisdiction over the defendants at this time, and the motion to dismiss is therefore denied. Discovery shall be completed by January 2, 1985, and pretrial orders shall be submitted by January 9, 1985.

**IT IS SO ORDERED.**